IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
_____ DIVISION

FILED

2014 JUN -3 PM 2:10

DEBORAH SOLESBY
LONOKE CO CIR CLERK
BY_____
DEPUTY CLERK

CHARLES GASTINEAU                                                PLAINTIFF

v.                          Case No. 43CV-14-256

SIRIUS XM RADIO, INC.
and John Does 1-100                                             DEFENDANTS

---

## COMPLAINT

---

For his complaint, Plaintiff Charles Gastineau states where so identified, alleges upon personal knowledge pertaining to himself and his own acts, and on all other allegations, upon information and belief, based on the investigation undertaken by Plaintiff's counsel, which facts are likely to have evidentiary support after the opportunity for further investigation and discovery:

1.      This is an action for invasion of privacy and violations of the Arkansas Deceptive Trade Practices Act.

2.      Sirius XM Radio, Inc., ("Sirius XM") is in the business of satellite radio content and equipment production and marketing.

3.      In connection with its business, Sirius XM sends prospective customers direct mail marketing.

4.      Mr. Gastineau owns a 2008 Saturn Aura (the "Vehicle"), which he purchased through a private sale in 2012. Mr. Gastineau has no warranty on the Vehicle.

5.      Since November 8, 2013, Mr. Gastineau has received direct mail marketing from Sirius XM, despite there being no publically available information that would link him to the Vehicle or the Sirius XM Account. The direct mail marketing contained Mr.

Gastineau's home address, city, state, and nine-digit zip code.  This information linking

Mr. Gastineau to the Vehicle is private information entitled to protection by Arkansas law.

## PARTIES, JURISDICTION AND VENUE

6.     Plaintiff Charles Gastineau ("Plaintiff" or "Mr. Gastineau") is a resident of

Ward, Lonoke County, Arkansas.

7.     Defendant Sirius XM Radio, Inc., is a New York Entity with a principal

place of business of 1221 Avenue of the Americas, 36th Floor, New York, New York,

10020, and can be served through its registered agent for service of process at CT

Corporation System 111 8th Ave, 13th Floor, New York, NY 10011.

8.     John Does 1-100 are persons/entities whose identity is unknown to Plaintiff

and Plaintiff's attorney who may have liability for the causes of action. An affidavit of

same from Plaintiff's attorney is attached hereto as Exhibit A and incorporated by reference

under Ark. Code Ann. § 16-56-125(c).

9.     Venue is proper here, because each of the causes of action alleged accrued

in Lonoke County, Arkansas, and because the Defendant conducts substantial business in

this county.

10.    Jurisdiction is proper in this Court.

11.    Plaintiff disclaims any cause of action arising under the Constitution,

treaties or other laws of the United States, including any act or omission by any officer of

the United States, or any agent or person acting for such individual. No claim under

admiralty or maritime law is alleged. To the extent this paragraph conflicts with any other

allegations contained herein this paragraph controls.

12.     Under Rule 8(a) of the Arkansas Rules of Civil Procedure, Plaintiff limits his individual recovery to $74,999.99 for all damages including compensatory, punitive or otherwise and attorney's fees, exclusive of interest and costs. *See St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 288-289, 58 S.Ct. 586, 82 L.Ed. 854 (1938); *Burns v. Massachusetts Mut. Life Ins. Co.*, 820 F.2d 246 (8th Cir. 1987). To the extent this paragraph conflicts with any other allegations contained herein this paragraph controls.

### FACTUAL ALLEGATIONS

13.     Mr. Gastineau has never had a paid subscription to Sirius XM service.

14.     The Vehicle was originally equipped with a Sirius XM-ready factory radio, but Mr. Gastineau never activated the account.

15.     On November 8, 2013, Mr. Gastineau received a letter from Sirius XM (or some party acting on Sirius XM's behalf) to his home address stating: "we're turning your inactive XM radio back on – and you can listen for free." The letter identified Mr. Gastineau's Vehicle make and model, Vehicle Identification Number (VIN) and Radio/ID:

**LISTEN TO IT ON:**

Your Vehicle: Saturn Aura
Your VIN: 1G8ZV57768F151744
Your Radio ID/ESN: M42PWOMK

3

16.     On January 15, 2014, Mr. Gastineau received letter from Sirius XM (or some party acting on Sirius XM's behalf) to his home address again stating: "we're turning your inactive XM radio back on – and you can listen for free." The letter identified Mr. Gastineau's Vehicle make and model, VIN and Radio/ID:

**LISTEN TO IT ON:**
Your Vehicle: Saturn Aura
Your VIN: 1G8ZV57768F151744
Your Radio ID/ESN: M42PWOMK

17.     On March 24, 2014, Mr. Gastineau received a letter from Sirius XM (or some party acting on Sirius XM's behalf) to his home address stating "Your vehicle (as identified by the VIN to the right) has an XM radio."



18.     Mr. Gastineau contacted Sirius XM to inquire how they obtained his name and address and could link him to the Vehicle. Sirius XM provided no answer. However, Sirius XM confirmed that the "radio id" listed on the solicitations was under the name of the Vehicle's previous owner.

19.     In Arkansas, vehicle owners' personal information are entitled to special protections.

20.     In Arkansas, the Director of the Arkansas Department of Finance and Administration (DFA) controls the Arkansas Office of Motor Vehicles as the "Commissioner of Motor Vehicles." *See* Ark. Code Ann. §27-14-402 (2013). The Commissioner of Motor Vehicles has the statutory power and responsibility for issuance of applications, certificates of title, and registration certificates. Ark. Code Ann. § 27-14-410 (2013).

21.     Arkansas law provided that all records of the Office of Motor Vehicles were open to public inspection. Ark. Code Ann. § 27-14-412(a)(1). This law was superseded by the federal Driver's Privacy Protection Act Regulation 1997-6, 006 05 CARR 033 (2014).

22.     Arkansas law defines "personal information" as "information that identifies an individual, including the individual's photograph, social security number, name, address (excluding zip code), telephone number and medical or disability information." (called "Arkansas Personal Information"). Regulation 1997-6(b).

23.     Arkansas does not provide vehicle registrants with the opportunity to prohibit disclosing registration information. Regulation 1997-6(b).

24.     Therefore, under Arkansas law, "personal information" from the DFA relating to vehicle titles, registration and license plates may only be disclosed in 11 narrow

5

conditions, and only on written request. Regulation 1997-6(b). Direct mail marketing is not one of the eleven permissible conditions.

25.     Upon information and belief, Sirius, either alone or with John Does 1-100 obtained Mr. Gastineau's "personal information" to link the Vehicle to him and his address.

## COUNT I
## INVASION OF PRIVACY

26.     Plaintiff re-alleges and incorporates by reference all of the paragraphs above.

27.     Through its obtainment and use of Plaintiff's "personal information" for direct marketing, Defendant breached the statutorily-protected privacy rights of Plaintiff and intruded upon the solitude or seclusion of Plaintiff, and believed or was substantially certain that it lacked the legal authority or personal permission, invitation, or valid consent to commit the intrusive act.

28.     Defendant's intrusion was of a kind highly offensive to a reasonable person, because of conduct to which a reasonable person would strongly object.

29.     Because of Defendant's invasions of privacy, Plaintiff has sustained damages, similar to a trespass to chattels.

## COUNT II
## VIOLATIONS OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT

30.     Plaintiff re-alleges and incorporates by reference all of the paragraphs above.

31.     The Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101, *et seq.*, protects consumers from deceptive, unfair and unconscionable trade practices. The ADTPA is a remedial statute, which liberally construed in favor of consumers.

32.     The practices employed by Defendants in obtaining and using Plaintiff's "personal information" is unfair and unconscionable, and against the public policy of Arkansas, and in violation of the ADTPA. Ark. Code Ann. § 4-88-107 (a) (10) and (b).

33.     Plaintiff suffered actual damages caused by Defendant's deceptive and unfair trade acts, similar to a trespass to chattels.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by a jury of twelve.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, demands judgment against the Defendant for his damages, and attorneys' fees and costs as alleged, which provides the amount in controversy is less than $75,000.

DATED: June 2014                    Respectfully submitted,


Scott E. Poynter
William T. Crowder
Corey D. McGaha
Emerson Poynter LLP
The Rozelle-Murphy House
1301 Scott Street
Little Rock, AR 72202
Phone: (501) 907-2555
Fax: (501) 907-2556

John G. Emerson
Emerson Poynter LLP
830 Apollo Lane
Houston, TX 77058
Phone: (281) 488-8854
Fax: (281) 488-8867